ADOLPH RAUX, Appellant, *v.* FREDERICK H. A. BRAND, Respondent.

It is not error to permit a party to state as a witness from his account-book the items of an account against the opposite party, when he cannot from memory independent of the book state the items, but testifies that he knew the several articles charged in the account were delivered, and the entries when made to be correct.

Although cash items form no part of a mutual, open and running account, so as to take them out of the operation of the statute of limitations, cash payments made and received to be applied on general account, and on account of actual or supposed indebtedness, extinguish *pro tanto* the indebtedness, and if in any instance made in advance, will apply to extinguish the next indebtedness, and the statute of limitations has no application.

(Argued October 20, 1882; decided October 27, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made June 29, 1881, which affirmed a judgment in favor of defendant, entered upon the report of a referee.

This action was brought to recover a balance alleged to be due on an account for goods sold and delivered. It appeared that there were mutual open accounts between the parties running for a long series of years. Defendant, as a witness in his own behalf, produced his account book, wherein was his account against the plaintiff. He testified that he knew the articles entered therein were delivered to plaintiff, that the entries were made at the time of the deliveries and that he knew them to be correct when made, but that he could not from memory and independent of the book tell the articles. He was then asked to state from the book the articles he delivered to plaintiff. This was objected to; objection overruled and exception taken. The witness read from the book the items of the account; a large number of them were cash items. As to these items the referee found that they were payments made by defendant without any specific application thereof to any particular in-

debtedness, but to be applied on general account. Further facts appear in the opinion.

*Francis Kernan* for appellant.　A witness may refresh his memory by examining writings or entries made by himself at the time of the transaction in question, and if these enable him to testify to the fact he must do so, and is not allowed to read from the paper; or where he testifies that he cannot remember the fact with the aid of the writing or entry, and testifies also that it was made by him at the time of the transaction and he then knew it was correctly made, he may read the same as evidence to the court or jury. (*Halsey* v. *Sinsebaugh*, 15 N. Y. 485, 487, etc.; *Russell* v. *H. R. R. R. Co.*, 17 id. 134; *McCormick* v. *Penn. R. R. Co.*, 49 id. 303, 315; *Flood* v. *Mitchell*, 68 id. 507, 511, 512; *Putnam* v. *Hubbell*, 42 id. 106, 112, 113.) Every presumption of law is against the idea that the defendant advanced or paid to the plaintiff these disputed sums, amounting to over $800 over and above the moneys credited by plaintiff, when he, the defendant, was not indebted to the plaintiff. (*Bogert* v. *Morse*, 1 N. Y. 378; *Sayles* v. *Olmstead*, 66 Barb. 590.) The disputed items or claims for cash alleged to have been paid by the defendant, to or for the use of the plaintiff did not constitute a part of a mutual, open and current account between the parties within the meaning of the statute of limitations. (Code of Civ. Pro., § 386; Old Code of Pro., § 95.)

*S. Earl* for respondent. It was competent for defendant to refer to the book in aid of his memory. (*Halsey* v. *Sinsebaugh*, 15 N. Y. 485; *Russell* v. *H. R. R. R. Co.*, 17 id. 134; *Guy* v. *Mead*, 22 id. 465; *McCormick* v. *P. C. R. R. Co.*, 49 id. 315; *Mandeville* v. *Reynolds*, 68 id. 538; *Howard* v. *McDonough*, 77 id. 592.) The referee rightly held that the plaintiff's claim, founded on the assignment from his sister (even if the account had been proved) was barred by the statute. (*Green* v. *Ames*, 14 N. Y. 225.) The money items did not form a part of the current account. (*Green* v. *Disbrow*, 79 N. Y. 1.)

*Per Curiam.* *First.* We think there was no legal error in permittimg the defendant to state from his book the items of his account against the plaintiff. The book was not offered in evidence. The witness testified that he knew that the several articles which he had stated in detail, and which appeared in the book, were delivered to the plaintiff, and in addition that he knew the entries when made, to be correct. This was original evidence of the several items of the account. The witness assumed to speak from actual recollection, using the book to refresh his memory. The questions put to the defendant were leading, but an objection on that ground is not available in this court.

*Second.* The point made that the cash items appearing in the account were not proved, because the question put to the defendant called for a statement of the articles delivered, and did not refer to the cash items, rests upon a hypercritical construction of the question. The question was understood to relate to the entire account of the witness with the plaintiff, including cash items as well as others. Neither the attention of the witness, nor of the referee, was called to any distinction between them. The witness answered the question on the assumption that the question called for the entire account. The plaintiff cannot now be heard to object that the question related only to shingles, produce, etc., included in the account, and not to cash.

*Third.* It is not a fair construction of the referee's report that he intended to find that cash items form part of a mutual, open and current account, so as to take them out of the operation of the statute of limitations. The thirteenth finding is that the money items represented payment made by defendant without any specific application thereof to any indebtedness of defendant to plaintiff, but to be applied on general account. They did not form any part of the mutual account. The payments, when made, extinguished *pro tanto* the indebtedness to the plaintiff. We think the evidence justified the referee in finding that the cash items were received by the plaintiff as payment on account. These payments may have been made with-

out any special knowledge on the part of the defendant as to the state of the account, and in some instances in advance of any actual indebtedness. But that the cash was paid and received on account of actual or supposed indebtedness is a fair inference from the testimony. If made in any instance in advance, they would apply to extinguish the next indebtedness of the defendant to the plaintiff.

*Fourth.* If the cash in the defendant's account were payments to the plaintiff, the statute of limitations has no application. We have examined all the questions urged upon our attention by the learned counsel for the plaintiff, and our conclusion is that there is no error of law disclosed by the record. The accounts which were the subject of the controversy commenced more than twenty years before the commencement of the action. They consist on both sides of a great number of items. On one side it consisted mainly of merchandise sold by the plaintiff to the defendant, and on the other, of shingles, farm produce, etc., furnished and delivered by the defendant.

The decision of the referee on the conflicting evidence is conclusive in this court, and finding no legal error the judgment should be affirmed.

All concur, except EARL, J., not voting, and RAPALLO J., absent.

Judgment affirmed.